**UNITED STATES DISTRICT COURT**
**IN AND FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| DARRYL ETCHER,<br><br>Plaintiff,<br><br>vs.<br><br>QWEST COMMUNICATIONS INTERNATIONAL,<br><br>Defendant. | ) | CIVIL NO. 4-06-CV-508-RP-TJS<br><br>**REPORT AND RECOMMENDATION** |

Darryl Etcher filed a Petition at Law against Qwest Communications International Inc. in the Iowa District Court for Polk County. Defendant removed that case to this Court on October 12, 2006 (Clerk's No. 1). Defendant filed its answer the same date (Clerk's No. 4).

On November 3, 2006 (Clerk's No. 12), the Court filed its order setting a scheduling conference pursuant to Fed. R. Civ. P. 16 for November 16, 2006 at 1:45 p.m., at the United States Courthouse, Des Moines, Iowa.

At the time and date set for the scheduling conference, Cynthia M. Peterson and Thomas Joensen both appeared on behalf of Defendant Qwest Communications. Plaintiff did not appear in person, or by his attorney, Patricia Wengert.

The undersigned magistrate judge then called the telephone number for Ms. Wengert in the docket, (515) 274-0238, and upon reaching a voice mail announcement, the undersigned magistrate judge left a message requesting that Ms. Wengert call the Court regarding this case, and also advised her that she was not present for the hearing ordered by the Court.

On November 17, 2006 (Clerk's No. 14), the undersigned magistrate judge filed a Text Order in this case, reciting the foregoing facts, and also noting that as at the time of the filing of the Text Order Ms. Wengert had not returned the telephone call as requested. In fact, as of the

date of this order, Ms. Wengert has neither contacted the Court in person, by telephone, nor in writing.

In the Text Order filed on November 17, 2006, the Court ordered plaintiff to show cause by December 1, 2006 why a report and recommendation recommending that this case be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) should not be filed.

Plaintiff has failed to show cause as required by the Text Order.

Fed. R. Civ. P. 41(b) provides that a court may dismiss a case for failure to comply with court orders. In re Reid, 197 F.3d 318, 320 (8th Cir. 1999). See also, Rodgers v. Curators of University of Missouri, 135 F.3d 1216, 1219 (8th Cir. 1998). The Court of Appeals reviews a dismissal under Rule 41 for an abuse of discretion. Edgington v. Missouri Department of Corrections, 52 F.3d 777, 779 (8th Cir. 1995). A dismissal with prejudice is an extreme sanction; it is well settled that it would be appropriate in cases involving willful disobedience of a court order. In re Reid, 197 F.3d at 320; Hutchins v. A.G. Edwards and Sons, Inc., 116 F.3d 1256, 1260 (8th Cir. 1997). Rule 41 places a party on constructive notice that a complaint can be dismissed for failure to comply with a court order. In re Reid, 197 F.3d at 320.

Based on the record before it, this Court concludes that plaintiff's failure to comply with the Court's November 3, 2006 order to attend the scheduling conference was in fact willful, since plaintiff's attorney, notwithstanding a telephone call to her office on November 16, 2006, has failed to contact the Court either orally, in person, or in writing, between November 16, 2006 and December 4, 2006.

However, it would be one thing if the only issue before the Court was a failure by counsel to appear at a hearing pursuant to Court order, and at which opposing counsel had appeared.

In this case plaintiff not only failed to appear at the scheduling conference, but also failed to comply with a second Court order to show cause why this case should not be dismissed for failure to prosecute.

This double violation of a Court order convinces the Court that plaintiff's actions were, in fact, intentional, and thus based upon a total lack of response to the Court, the undersigned magistrate judge recommends that this case be dismissed with prejudice pursuant to Rule 41(b).

The parties have to and including fourteen (14) days from the date of this order to file written objections to this Report and Recommendation, pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990); Wade for Robinson v. Callahan, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Such extensions will be freely granted. Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. See, Fed. R. Civ. P. 72; Thompson, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact. Thomas v. Arn, 474 U.S. 140, 155 (1985); Griffini v. Mitchell, 31 F.3d 690, 692 (8th Cir. 1994); Halpin v. Shalala, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); Thompson, 897 F.2d at 357.

Respectfully submitted,

Date: December 4, 2006

**THOMAS J. SHIELDS**
**CHIEF U.S. MAGISTRATE JUDGE**