**UNITED STATES DISTRICT COURT**
**IN AND FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| DARRYL ETCHER, | ) | CIVIL NO.  4-06-CV-508-RP-TJS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| QWEST COMMUNICATIONS | ) | |
| INTERNATIONAL, | ) | |
| | ) | |
| Defendant. | ) | |

There has been an ongoing saga in this case regarding the actions, as well as intentions, of plaintiff's former attorney, Patricia K. Wengert.   Some recitation of the background of this case is appropriate at this point:

Plaintiff filed his Petition against Qwest Corporation in the Iowa District Court for Polk County in September 2006.   Qwest thereafter removed the case to this Court (Clerk's No.  1) on October 12, 2006.   Qwest also filed an answer on that same date (Clerk's No.  4).

In his Complaint, plaintiff alleges *inter alia* discrimination and harassment, assault, retaliation, and negligent supervision and retention.   Qwest denies those allegations.

On November 3, 2006 (Clerk's No.  12), the Court ordered a scheduling conference to be held at 1:45 p.m. on November 16, 2006, at the United States Courthouse, Des Moines, Iowa. On November 16, 2006, two of Qwest's attorneys, Cynthia M. Peterson and Thomas J. Joensen appeared.  Plaintiff was not present either in person or by his attorney, Patricia K. Wengert.  At that time, the Court personally placed a call to Ms.  Wengert's telephone number, as listed in the docket, and left a message on her answering system, requesting that she call the Court immediately.   Ms. Wengert did not return that call at any time.   See, Text Minute Entry of November 17, 2006 (Clerk's No.  13).

One of defendant's attorneys had traveled to Des Moines from Chicago for the purposes of attending the scheduling conference.  Because of the failure of Ms. Wengert to attend, or to even respond to the Court's telephone call, the Court did not enter a scheduling order, but instead ordered plaintiff to show cause by December 1, 2006 why a report and recommendation should not be filed recommending that the case be dismissed for failure to prosecute.  Ms. Wengert was also ordered to show cause why she should not reimburse defendant for the costs of having one of its attorneys travel to Des Moines for the aborted scheduling conference.  <u>See</u>, Text Order (Clerk's No. 14), filed November 17, 2006.

Ms. Wengert made no reply whatsoever, either orally or by pleading, to the Court's November 17, 2006 order, and thus the undersigned chief magistrate judge filed a Report and Recommendation on December 4, 2006 (Clerk's No. 15), recommending that the case be dismissed with prejudice because of plaintiff's failure to prosecute.  On the same day, the Court entered an order (Clerk's No. 16), requiring Ms. Wengert to show cause why she should not pay some of defendant's attorney's travel expenses.  On the same day the Court entered its Report and Recommendation on the order to show cause, plaintiff, personally, filed an ex parte pleading, detailing problems and issues he had with Ms. Wengert.  <u>See</u>, Clerk's No. 18.  In response to that ex parte filing, the Court set a hearing for December 27, 2006 to consider arguments regarding the issues that were the subject of the show cause orders.  In addition, the Court stayed its earlier report and recommendation that plaintiff's complaint be dismissed with prejudice.

At the December 27, 2006 hearing, Ms. Wengert appeared and offered somewhat confusing explanations regarding her prior failure to either attend hearings or respond to the Court's

inquiries, and also had somewhat cryptic explanations as to her relationship with plaintiff, and her attempts to represent him in this Court.   Plaintiff attended that hearing in person.

As a result of Ms. Wengert's representations during the show cause hearing, the Court directed her to file a status report on or before January 18, 2007, detailing the efforts that she had made to have new counsel enter an appearance on behalf of plaintiff, and also to report on the status of her representations to the Court that she was in the process of obtaining counsel to represent her regarding the issues that have arisen in this Court.   See, Court's order of January 3, 2007 (Clerk's No.  20).

Ms. Wengert filed a status report one day after the deadline, on January 19, 2007 (Clerk's No.  21).   In that status report, she advised the Court that she had "not been notified of a new attorney for Darryl Etcher;" and she requested a hearing be set to "determine the correct course of action for counsel under the present circumstances."   Ms. Wengert made no mention of having an attorney enter an appearance on her behalf in this matter, even though she had suggested to the Court that she wanted the December 27, 2006 hearing continued for that very purpose.

The Court would note also, parenthetically, that throughout the disputes that have arisen between plaintiff and Ms.  Wengert, the Court, including Chief United States District Judge Robert W.  Pratt, have been the recipient of a number of communications from plaintiff and others purportedly acting on his behalf.

In response to Ms.  Wengert's status report, the Court initially ordered a hearing on all pending matters for February 14, 2007.   See, Order of January 23, 2007 (Clerk's No.  22).   On February 1, 2007, the Court changed the date of the hearing because of a conflict on the Court's calendar, moving the hearing from 1:00 p.m. on February 14, 2007 to 9:00 a.m. on February 16,

2007.  See, Order of Court of February 1, 2007 (Clerk's No.  24).   All the hearings have been scheduled at the United States Courthouse, Des Moines, Iowa.

On February 14, 2007 (Clerk's No.  25), plaintiff filed a Motion to Proceed In Forma Pauperis and Pro Se.   That motion has not as yet been ruled upon by the Court.

On February 16, 2007, Plaintiff Darryl Etcher appeared in person for the hearing. Patricia K. Wengert did not appear.   Cynthia M. Peterson appeared on behalf of Qwest.

During that hearing, plaintiff advised the Court that he had not as yet received documents from Ms. Wengert, and which belonged to him.   It should be noted that the Court specifically directed Ms.  Wengert to bring those documents with her to the hearing on February 14, 2007, which was later continued to February 16, 2007.   Also during the hearing, Ms.  Peterson advised the Court that Ms. Wengert had failed to pay a $500 sanction ordered earlier by the Court to partially defray expenses incurred by defendant as a result of Ms.  Wengert's failure to appear at the scheduling conference.

The Court received no communications, either oral or written, from Ms.  Wengert prior to or during the hearing on February 16, 2007, advising that she would not be able to attend, or requesting a continuance.

After the conclusion of the hearing in this case, the undersigned magistrate judge began a lengthy pretrial conference, involving three separate cases, portions of which are scheduled to begin a four-week trial beginning March 5, 2007.   During a short break in that final pretrial conference, the undersigned magistrate judge was advised by Magistrate Judge Celeste F.  Bremer's judicial assistant that Ms. Wengert had come to the courthouse, although  not dressed for court, and

had with her a box of documents.   Apparently at that time Ms. Wengert was requesting an opportunity to speak with this magistrate judge.

The undersigned magistrate judge refused to speak ex parte with Ms. Wengert at that point, not only because of the fact that it would interrupt the ongoing final pretrial conference in the other cases, but because the Court believed at that point that an ex parte conversation with Ms. Wengert would not be appropriate.

The Court's concerns were conveyed to Ms. Wengert by Magistrate Judge Bremer's judicial assistant, and a Text Order was filed (Clerk's No. 26), which confirmed delivery of the box of documents by Ms. Wengert, but also noted that the Court had not in any way verified the contents of that box, or whether those documents comprised everything that Ms. Wengert was ordered to deliver to the Court that day.

On February 20, 2007 (Clerk's No. 28), Ms. Wengert filed what she denominated as Counsel's Compliance.   In that pleading, Ms. Wengert made several statements regarding the reasons why she did not appear at the courthouse for the hearing on February 16, 2007.

It is clear to the undersigned magistrate judge that Ms. Wengert's efforts as an attorney in this Court on behalf of Plaintiff Darryl Etcher have fallen well below the acceptable standards of practice in this Court.   She has missed hearings, and offered little in the way of substantive explanations for her absences.   Her violations of Court orders, including failures to appear at hearings, her failure to pay sanctions as previously ordered, and her failure to have an attorney enter an appearance on her behalf, even though she herself requested the continuance of a hearing solely for that purpose, perplexes the undersigned magistrate judge.

Clearly, Ms. Wengert has done absolutely nothing to appropriately represent Darryl Etcher in this case, or to advance his cause of action at all.   There have been a number of what the Court can only describe as disjointed explanations by Ms.  Wengert for her actions, or her omissions, and yet none of those efforts by Ms.  Wengert come close to providing a cogent, valid explanation for her professional lapses.

The Court would point out to Ms. Wengert that the provisions of Fed.  R.  Civ.  P. 11(b) place serious requirements upon an attorney practicing in this Court.

Reference to, and consideration of, L.R. 83.2(g) is highly appropriate at this point. That local rule not only establishes the applicability of the Iowa Rules of Professional Conduct to practice in this Court, but also provides for discipline by this Court.

The undersigned magistrate judge has previously engaged in what he would define as an informal disciplinary proceeding pursuant to L.R. 83.2(g)(3)(A), when orders to show cause and orders of sanction were entered.   All of that apparently to no avail.

Based upon the undersigned magistrate judge's involvement in this case, and in consideration of the issues now before the Court, the undersigned magistrate judge is in this Report and Recommendation, requesting that Chief United States District Judge Robert W.  Pratt appoint a special counsel pursuant to L.R. 83.2(g)(3)(B) to investigate and report to the chief judge as to the actions of Ms.  Wengert in this case, as well as allegations raised against her by her client in this case, Darryl Etcher.

A number of serious allegations have been raised by plaintiff, as well as third persons, regarding Ms. Wengert's conduct in this case, as well as other cases unrelated to this Court.

– 6 –

The undersigned magistrate judge respectfully requests that these collateral allegations also be the subject of a special counsel's review.

Because of this Report and Recommendation requesting that special counsel be appointed, the undersigned magistrate judge further believes that any reference of these matters to the Iowa State Bar Association Ethics and/or Grievance Committees, or notice to the Supreme Court of Iowa regarding these acts and omissions on behalf of Ms. Wengert, should be left to the special counsel's report to Chief Judge Pratt.

The parties have to and including March 15, 2007, to file written objections to this Report and Recommendation, pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained.  Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990); Wade for Robinson v. Callahan, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997).  Such extensions will be freely granted.  Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections.  See, Fed. R. Civ. P. 72; Thompson, 897 F.2d at 357.  Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact.  Thomas v. Arn, 474 U.S. 140, 155 (1985); Griffini v. Mitchell, 31 F.3d 690, 692 (8th Cir. 1994); Halpin v. Shalala, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); Thompson, 897 F.2d at 357.

Respectfully submitted,

Date:    February 22, 2007

_____
THOMAS J. SHIELDS
CHIEF U.S. MAGISTRATE JUDGE

- 7 -